[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
BY THE DIVISION:
The petitioner was convicted after a trial by jury of the following crimes:
1. Robbery 1st degree as an accessory in violation of Connecticut General Statutes Sections 53a-8 and 53a-134(a)(2).
2. Conspiracy to commit robbery 1st degree, in violation of Connecticut General Statutes Sections 53a-48(a) and 53a-134(a)(2).
3. Hindering prosecution, 1st degree, in violation of Connecticut General Statutes Section 53a-166(a).
The petitioner, 34 years of age at the time, was sentenced to 18 years for the robbery, 1st degree, 18 years for the Conspiracy count, to run concurrently with the robbery sentence, and 3 years on the charge of Hindering Prosecution to run consecutively to the sentence of 18 years.
The total effective sentence imposed was 21 years.
The factual basis for his convictions are summarized as follows:
On February 26, 1990, at approximately 8:15 p.m., the petitioner was driving a late model brown Subaru on Dixwell Avenue in New Haven accompanied by Glenn Fisher and James Davis. In the vehicle there was a loaded twenty-eight inch twelve-gauge, double-barrel shotgun with a white handle. As the victim, Christopher Garvin, walked down the street, the three men decided to rob him. The petitioner pulled the car over to the side of the street. Fisher and Davis exited with the shotgun and robbed the victim at gunpoint. The victim was also struck across the back of his head with the barrel of the shotgun, causing the gun to discharge. Fisher and Davis then ran back to the Subaru where the petitioner was CT Page 11373 waiting.
Two plainclothes detectives, Percy Gethers and Mary Fish, observed them as they ran to the car. The detectives were driving an unmarked police car. One of the men was observed carrying an object that appeared to be a rifle or shotgun with a white handle. The police pulled alongside the Subaru and Fish saw Davis place a shotgun on the rear seat of the car. She then rolled down her window, displayed her badge and handgun, and identified herself to the petitioner as a police officer. The petitioner smiled at her and drove off. The police pursued the speeding vehicle until the petitioner slowed the car and Davis jumped out. As the cruiser approached Davis, he yelled, "I don't have it." The officers then continued to pursue the Subaru. Shortly thereafter, Fisher jumped out of the Subaru, without the shotgun. The petitioner drove onto Prospect Street, and bolted from the car, leaving it in gear with both doors open. The car rolled into the curb. The petitioner was apprehended by a uniformed police officer and returned to the automobile.
When Gethers and Fish arrived, they witnessed the petitioner being apprehended. Fish approached the Subaru and saw the shotgun lying in plain view on the back seat. She left it there and informed the petitioner that he was under arrest for carrying a weapon in a motor vehicle. The petitioner then stated that he had not been driving the car and that the car did not belong to him.
Later that evening, the victim, whose head injury required fifteen stitches, positively identified Fisher, the shotgun and a hat worn by one of his assailants. See State v. Jackson, 28 Conn. App. 721 (1992).
The petitioner claims his sentence was disproportionate in that one of the co-defendants (Fisher) pled guilty to charges arising out of this incident and received a sentence of 10 years, execution suspended after 6 years with 3 years of probation. The third participant was apparently not prosecuted. He claims that his work history and the nature of his criminal record indicate he is rehabilitatable. He asks that the Division modify his sentence to a "split" sentence with probation to better accomplish his rehabilitation. CT Page 11374
The sentencing Court concluded that the petitioner did not present a good prospect for rehabilitation. That Court had the opportunity to assess the character of the petitioner during the trial and other proceedings. It pointed to the lack of veracity of the petitioner and the clear improbability of his version of the crime, especially in the face of the strong and logical evidence against him.
The fact is that the petitioner was a full and willing participant in a serious robbery, equal in culpability to the others. A weapon was discharged and the victim sustained a head wound. To compound his crime, the petitioner led the police in a chase to hinder the prosecution of another participant. The sentencing Court considered the petitioner's involvement, attitude and truthfulness and reasonably concluded he did not exhibit those character traits of remorse, honesty, nor the admission of wrongdoing which are the foundations of rehabilitative efforts.
The petitioner's record includes convictions for drug violations, a weapons offense, larceny, criminal trespass and escape from custody.
Under all of the circumstances of this case, including the deference due to the reasoning of the sentencing Court as well as the provisions of Connecticut Practice Book Section 942, the Division finds that the sentence imposed in this case was neither disproportionate nor inappropriate. It is affirmed.
Klaczak, J.
Purtill, J. CT Page 11375